### CENTAUR CONST. CO., Inc. v. UNITED STATES.
### No. 48912.

United States Court of Claims.
April 4, 1949.

Josephus C. Trimble, of Washington, D. C. (Harry S. Hall, of New York City, on the brief), for plaintiff.

Mary K. Fagan, of Washington, D. C., and H. G. Morison, Asst. Atty. Gen., for defendant.

Before JONES, Chief Justice, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

JONES, Chief Judge.

This case is before the court on defendant's motion to dismiss on the ground that plaintiff has failed to bring itself within the provisions of Public Law 657, 79th Congress, 2d Session, 60 Stat. 902 (herein referred to as the Lucas Act), as amended by Public Law 773, 80th Congress, 2d Session, 62 Stat. 869, 41 U.S.C.A. § 106 note, under which act the petition was filed.

In Centaur Construction Company, Inc., v. United States, (No. 46242), 69 F.Supp. 217, 107 Ct.Cl. 498, plaintiff sued to recover from the United States upon the same contract involved in the instant case. On January 6, 1947, plaintiff's petition in that case was dismissed on the ground that its claims, which had in part been allowed by the contracting officer acting under the supposed authority of the First War Powers Act,[1] were not in fact covered by that act. Plaintiff's subsequent motion for a new trial was overruled and on October 13, 1947, the Supreme Court denied plaintiff's petition for a writ of certiorari. On September 29, 1948, plaintiff filed a second motion for a new trial requesting this court to reconsider its former decision in the light of the Lucas Act, as amended. By order dated November 1, 1948, this court overruled plaintiff's motion, but granted plaintiff permission to file an original petition in a new suit in which it might allege any claims which would come within the provisions of the Lucas Act. The order further provided that the contract attached to the petition in case No. 46242 and the entire record in that case might be made a part of the record in the new case. On November 4, 1948, plaintiff filed the instant petition.

Plaintiff's contract with the United States fixed intermediate completion dates for specific portions of the work, and this suit involves claims for the remission of liquidated damages and alleged extra costs on various portions of the contract. Of these claims only the one for the remission of liq-

---

[1] 55 Stat. 839, 50 U.S.C.A.Appendix § 611.

uidated damages for four days' delay from October 21 to October 25, 1940, falls within the time limits set by the Lucas Act.

Defendant contends that the petition must be dismissed because it does not allege, and the record in the case does not establish, that plaintiff incurred a net loss on the overall performance of the contract sued on. Plaintiff, in its brief and in its oral argument before this court, devoted itself to the thesis that our earlier decision on plaintiff's claims in case No. 46242 was erroneous. It failed to address itself to the question of whether it had established a cause of action under the Lucas Act, the act under which its petition was presumably drawn. Plaintiff, in open court, indicated its willingness to stand on its record in the previous case to show that its claim came within the terms of the Lucas Act. That act provides, in part, as follows:

"That where work, supplies, or services have been furnished between September 16, 1940, and August 14, 1945, under a contract * * * for any department or agency of the Government * * * such departments and agencies are hereby authorized, * * * to consider, adjust, and settle equitable claims of contractors, * * * for losses (not including diminution of anticipated profits) incurred between September 16, 1940, and August 14, 1945, without fault or negligence on their part in the performance of such contracts * * *.

"Sec. 2. (a) In arriving at a fair and equitable settlement of claims under this Act, the respective departments and agencies shall not allow any amount in excess of the amount of the net loss (less the amount of any relief granted subsequent to the establishment of such loss) on all contracts and subcontracts held by the claim-ant under which work, supplies, or services were furnished for the Government between September 16, 1940, and August 14, 1945, * * *.

"Sec. 3. Claims for losses shall not be considered unless filed with the department or agency concerned within six months after the date of approval of this Act, and shall be limited to losses with respect to which a written request for relief was filed with such department or agency on or before August 14, 1945, * * *."

Plaintiff's failure to allege or establish that it incurred a net loss on the performance of its contract or contracts is, we believe, fatal to the maintenance of its action under the Lucas Act, as amended. Section 6 of that act, which grants this court jurisdiction to entertain the petitions of claimants under the act who are dissatisfied with the action of the department or agency, limits the amount of recovery to that amount which might have been allowed, under the terms of the act, by the department or agency concerned. Since plaintiff has not established a net loss as required by sections 1 and 2 (a) of the act (which loss might have been allowed by the department or agency), there is no question before the court within the meaning of the Lucas Act, and plaintiff's petition must be dismissed.

We have not discussed the other issues presented in plaintiff's brief in this case because they do not bear upon the question of whether plaintiff has stated a claim under the Lucas Act.

The defendant's motion is sustained and the petition is dismissed.

HOWELL, MADDEN, WHITAKER, and LITTLETON, Judges, concur.